

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**



Signed April 27, 2007            **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY ORVALL GARDNER AND | § | CASE NO. 06-20339-RLJ-12 |
| BEULAH DARLENE GARDNER, | § | |
| | § | |
| DEBTORS | § | |

### MEMORANDUM OPINION AND ORDER

The Court considers the objection by Gary and Beulah Gardner, the debtors, to the proof of claim of the United States of America, Farm Service Agency ("FSA"). A hearing on the objection was held on April 26, 2007.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

The Gardners, proceeding pro se, filed this chapter 12 case on August 25, 2006. They have successfully prosecuted their chapter 12 plan, which was confirmed by the Court at a

hearing held April 12, 2007. FSA filed its proof of claim on January 12, 2007, asserting an unsecured claim in the amount of $145,744.52. FSA's claim arises under two promissory notes signed by the Gardners, one dated December 17, 1996, in the original principal amount of $83,558.02, the other, also dated December 17, 1996, in the original principal amount of $20,932.21. The Gardners' objection to FSA's claim was filed on January 24, 2007, to which FSA filed its response on February 15, 2007. The Gardners filed an amended objection on February 21, 2007. FSA filed its response to the amended objection on March 2, 2007. A hearing on the objection was originally set for March 7, 2007. On March 2, 2007, FSA filed its motion seeking to withdraw its claim. The Gardners opposed the withdrawal seeking, instead, a ruling on the merits of their objection. The Court denied the request for withdrawal by its order entered on April 13, 2007.

The Gardners specifically contend that FSA's claim is barred by limitations; they also make generalized and ambiguous allegations regarding the deeds of trust under which FSA obviously moved to foreclose real property that was pledged to secure the Gardners' debt to FSA. On this latter point, i.e. the issue regarding FSA's actions taken pursuant to the deeds of trust, the Court does not construe the allegations to constitute any real attack on FSA's unsecured claim in this bankruptcy case.

As for the limitations issue, the Gardners contend that limitations started running in 1998 when, according to the Gardners, FSA took certain actions that, in effect, constituted a "de facto" acceleration of the debt. FSA says it formally accelerated the debt on October 4, 2000. The evidence supports FSA's contentions. FSA, by letter dated October 4, 2000, to Gary Gardner gave notice of actual acceleration of the Gardners' debt to FSA and, in so doing, made reference

to the various notes and security instruments, including six deeds of trust, and stated its intention to foreclose under the security instruments. *See* FSA Ex. 1. FSA ultimately foreclosed the real estate in 2002. FSA did take certain actions in 1998 concerning the Gardners' indebtedness, however. At such time, the Gardners had leased certain of the real estate collateral to Gardner Farms, an alleged partnership owned by his sons, Craig and Hollister Gardner. Upon review of this transaction, FSA declared the transaction a sham and proceeded to offset certain government program payments headed to Gardner Farms and applied same to the Gardners' debt to FSA. FSA also took the position that the Gardners were in default on their notes and issued a letter advising of its *intent to accelerate* the debt. Gardner contends that the offset, coupled with certain "other actions" by FSA, resulted in his so-labeled "de facto" acceleration of the debt in 1998. The "other actions" complained of are: (1) FSA's failure to provide notice to the Gardners of the offset; (2) FSA's failure to account for how the offset funds were applied against the indebtedness; and (3) FSA effectively preventing the Gardners from obtaining a deferral of payments due under the notes in 1998, at which time the Gardners were no longer farming. While these actions may, under some scenarios, trigger certain rights, they certainly do not constitute evidence that FSA accelerated the debt any time prior to October 4, 2000.

FSA's claim was duly filed and is prima facie valid. The Gardners have the burden of going forward with evidence to rebut the claim which, if done, places the ultimate burden of persuasion on the filing claimant FSA. The Court finds that the Gardners failed to place the validity of FSA's claim at issue. Even if they had, the Court is satisfied that the evidence establishes that the Gardners' debt was accelerated by FSA's acceleration letter of October 4, 2000. The applicable limitations period is six years. 28 U.S.C. § 2401(a). By filing this

bankruptcy case on August 25, 2006, which is prior to expiration of the six-year limitations period, the Gardners effectively tolled the running of the limitations. 11 U.S.C. § 108(c). FSA's claim is not barred by limitations. The Gardners did not otherwise object to or proffer evidence questioning the amount of FSA's claim. It is, therefore,

ORDERED that the Gardners' objection to FSA's proof of claim is denied and FSA's unsecured claim of $145,744.52 shall constitute an allowed claim in this bankruptcy case.

### End of Memorandum Opinion and Order ###