


**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 31, 2007**                                                             **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| GARY ORVALL GARDNER AND § | CASE NO. 06-20339-RLJ-12 |
| BEULAH DARLENE GARDNER, § | |
| § | |
| DEBTORS § | |

### MEMORANDUM OPINION AND ORDER

On May 17, 2007, Gary and Beulah Gardner, the above-named debtors, appearing pro se, filed their motion requesting an extension of time to file an appeal from the Court's order entered April 27, 2007. The order appealed from denied the Gardners' objection to the proof of claim filed by the United States of America, Farm Service Agency ("FSA").

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

Bankruptcy Rule 8001 requires that the party wanting to appeal file a notice of appeal

with the bankruptcy court clerk within the time allotted under Bankruptcy Rule 8002. Fed. R. Bankr. P. 8001. Rule 8002 states that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). A party can file for an extension to file a notice of appeal under two circumstances. First, the party may file a motion to extend before the expiration period for the filing of a notice to appeal. Fed. R. Bankr. P. 8002(c). Second, if the party fails to file a motion to extend within the 10-day period, the court may grant a motion to extend filed no later then 20 days after the expiration period if the movant shows excusable neglect. *Id*. A motion to extend may not be granted if filed with the clerk after 20 days from the expiration period. *Id*. To calculate the time deadlines, Rule 9006 states that you exclude from counting the day the order or judgment was entered, and you include the last day of the period computed unless it falls on a Saturday, Sunday, or a legal holiday. Fed. R. Bankr. P. 9006(a). If the time prescribed is less than 8 days, then, in calculating the deadline, you exclude intermediate Saturdays, Sundays, and legal holidays. *Id*.

Here, the Court entered its order denying the Gardners' objection to FSA's proof of claim on April 27, 2007. According to Rule 9006(a), the time period to file a notice of appeal began to run on April 28, 2007. *See* Fed. R. Bankr. P. 9006(a). The time period expired on May 7, 2007, 10 days after the order was entered. *See id*.; Fed. R. Bankr. P. 8002(a). The Gardners did not file a notice of appeal within the time period specified under Rule 8002(a). The Gardners did file a motion to extend the time to file an appeal to the April 27th order. *See* Motion to Extend Time to Appeal. The Gardners filed the motion to extend on May 17, 2007. *See id.* Because the motion was filed outside of the 10-day deadline period, the Gardners must show excusable neglect. *See*

- 2 -

Fed. R. Bankr. P. 8002(c).

The Supreme Court determined what is meant by "excusable neglect" in a case dealing with Rule 9006(b) and the filing of a late proof of claim in a bankruptcy case. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). In determining the meaning of excusable neglect, the Court stated, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'" *Id*. at 387 (citing Webster's Ninth New Collegiate Dictionary 791 (1983)). Neglect, therefore, "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. The Court reasoned that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. "[T]o determin[e] whether a party's neglect of a deadline is excusable … is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Court created four factors to look at to determine excusable neglect: "the danger of prejudice to the debtor[1], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. However, "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id*. at 392.

The Fifth Circuit has adopted the *Pioneer* test to determine excusable neglect under Rule 8002. *Christopher v. Diamond Benefits Life Ins. Co.*, 35 F.3d 232, 236 (5th Cir. 1994). Several

---

[1] Some Circuits have modified the first factor to be "danger of prejudice to the non-moving party." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000). However, the Fifth Circuit keeps with the original language of the *Pioneer* opinion. *Christopher v. Diamond Benefits Life Ins. Co.*, 35 F.3d 232, 236 (5th Cir. 1994).

courts, when dealing with the extension to file an appeal, have given greater weight to the reason for delay and whether it was within the reasonable control of the movant. *See Rainey v. Davenport* (*In re Davenport*), 342 B.R. 482, 497 (Bankr. S.D. Tex. 2006); *see also Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) (holding that "the excuse given for the late filing must have the greatest import"); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (focusing on the third factor, reason for delay, of the *Pioneer* test); *Graphic Commc'n Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001) (same). In *In re Davenport*, the attorney claimed that the failure to file a notice of appeal was due to the attorney's inability to check the status of the case, the attorney's presence in another trial, and the attorney's lack of staff. 342 B.R. at 498. The court rejected this argument, stating that "all of these factors were within the [attorney's] reasonable control" and thereby did not constitute excusable neglect. *Id.* at 503.

The Court is satisfied that the granting of an extension to file an appeal does not prejudice the Gardners (or the adverse party, FSA); that it will not greatly impact or delay the judicial administration of the Gardners' case; and that the Gardners are proceeding in good faith. The critical issue, however, concerns the reason for the delay.

The Gardners state two reasons for their delay in filing the motion. *See* Motion to Extend Time to Appeal. First, the Gardners state that they did not receive the April 27, 2007 order until Friday May 4, 2007. Motion to Extend Time to Appeal p. 1. In this regard, the Gardners assert that they have had other items from the court that "got lost or delayed in the mail." *Id*. On this point, the Court would only comment that such claims (that mail from the court gets lost or is late delivered) are, in the Court's experience, non-existent. Nevertheless, "[l]ack of notice of the entry

does not affect the time to appeal or relieve … a party for failure to appeal within the time allowed." Fed. R. Bankr. P. 9022(a). Furthermore, Rule 8002 unambiguously states that "[t]he notice of appeal shall be filed with the clerk within 10 days of the *date of the entry of the judgment, order, or decree* appealed from." Fed. R. Bankr. P. 8002(a) (emphasis added). Therefore, the alleged tardy notice does not demonstrate excusable neglect.

Second, the Gardners state that they misunderstood the rule thereby causing their delay. Motion to Extend Time to Appeal p. 2. Their misunderstanding of the rules is based on their pro se status and their limited understanding of the law. *Id*. at p. 2-3. While most courts grant some leniency to pro se parties, the Fifth Circuit has stated that "'pro se litigants have no general immunity from the rule that issues.'" *Dillon v. Tex. Comm'n Envtl. Quality*, No. 04-41307, 2005 WL 1220761, at *1 (5th Cir. 2005) (quoting *Geiger v. Jowers*, 404 F.3d 371, 373 n. 6 (5th Cir. 2005)). Thus, absent a showing of other reasons for delay, the Gardners' mistake in construing the rules does not constitute excusable neglect. *See Pioneer*, 507 U.S. at 392.

Upon the foregoing, it is hereby

ORDERED that the motion of Gary and Beulah Gardner seeking an extension of time to file an appeal from the Court's order entered April 27, 2007 is denied.

### End of Memorandum Opinion and Order ###